UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN TOCARCHICK,

       Plaintiff,

v.

UAW REGION 1, UAW LOCAL 412,
DUANE ANGER, GREG BAUER,
and GUS,

       Defendants.

Civil Action No. 15-11329
Honorable Matthew F. Leitman
Magistrate Judge David R. Grand

_____/

### REPORT AND RECOMMENDATION TO GRANT DEFENDANT UAW REGION 1'S MOTION TO DISMISS [4] AND TO DISMISS PLAINTIFF'S COMPLAINT

*Pro se* Plaintiff Susan Tocarchick ("Tocarchick") commenced this action against Defendants UAW Region 1 ("the UAW"), UAW Local 412, Duane Anger, Greg Bauer, and "Gus," purporting to assert claims for "Fraudulent Misrepresentation, Gross Negligence, and Depraved Indifference." [1 at 9-10]. She also makes a vague reference to a "civil rights" claim. [*Id.* at 9]. After removing the action to this Court [1], the UAW filed a motion to dismiss Tocarchick's complaint. [4]. Tocarchick filed a response on May 12, 2015[1] [7], to which the UAW filed a reply [8] and later an amended reply. [9]. An order of reference was entered on April 21, 2015, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). [5]. The Court dispenses with oral argument pursuant to E.D. Mich. L.R. 7.1(f).

---

[1] At the end of her Response [7], Tocarchick included a separate one-page document explaining that she "need[s] a civil Rights attorney" to investigate her assertion that the UAW "file[d] a fraudulent claim (insurance) in my name." [*Id.*]. The Court addresses this request in a separate order filed on today's date.

**I.        RECOMMENDATION**

For the following reasons, the Court RECOMMENDS that the UAW's motion [4] be GRANTED and Tocarchick's claims be DISMISSED.[2]

**II.       REPORT**

**A.       The Allegations in Tocarchick's Complaint**

On January 22, 2015, Tocarchick filed a complaint in Macomb County Circuit Court, which the UAW subsequently removed to this Court. [1]. Tocarchick's complaint purports to principally state claims for "Fraudulent Misrepresentation, Gross Negligence, and Depraved Indifference," but its allegations make clear that she is actually challenging the union's representation of her husband, Joe Tocarchick, when he was alive. [1 at 9-10].

Tocarchick alleges that her husband was, before his death, an employee of Chrysler and a member of the UAW. [*Id.* at 9]. She alleges that on an unspecified date, her husband arrived at work intoxicated and was sent home by two UAW union stewards, Defendants Duane Anger and "Gus." [*Id.*]. She alleges that Anger and Gus "misrepresented themselves by not following union rules" when they sent Joe home "sick" "instead of following proper protocol" as described to her by others. [*Id.*].

Apparently, Tocarchick's husband passed away at some point thereafter, and Tocarchick alleges that if Anger and Gus had "followed the protocol and held him accountable," her husband would still be alive "because [she] would have been able to get to the bottom of his problems"

---

[2] UAW Region 1 is the only Defendant who has been served in this case. [1 at 2]. However, the claims against UAW Region 1 include the entirety of all claims against UAW Local 412, Duane Anger, Greg Bauer, and "Gus." Thus, since this Court finds that all claims against UAW Region 1 lack merit, it also recommends that Tocarchick's claims against the other four Defendants be dismissed.

2

but "[t]heir cover prevented [her] from getting [her] husband help that would have saved his life." [*Id.*]. She describes these Defendants' conduct in this regard as "negligent." [*Id.* at 10].

Tocarchick's complaint also addresses an alleged incident in which her husband was accused of stealing computers at work and detained, that the UAW refused to represent him, and, that as a result, he was blackmailed by a detective and ended up pleading guilty. [*Id.* at 9].

Tocarchick alleges that the foregoing circumstances caused her significant harm beyond her husband's death, including the loss of her home, her car, her health insurance, and an opportunity to adopt two children. [*Id.* at 10]. She seeks $30,000,000 in damages, as well as other forms of monetary and non-monetary relief.

### B.  Legal Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly,* 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly,* 550 U.S. at 555–56).

In deciding whether a plaintiff has set forth a "plausible" claim, a reviewing court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus,* 551 U.S. 89, 94 (2007). This tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements. *Iqbal,* 556 U.S. at 678; *see also Twombly,* 550 U.S. at 555; *Howard v. City of Girard, Ohio,* 346 F. App'x 49, 51 (6th Cir. 2009). Furthermore, a court is not required to "create a claim which [a plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

**C.     Analysis**

> *i.     Despite their Labels, Tocarchick's Principal Claims Are for Breach of the Duty of Fair Representation and Are Governed by Federal Labor Law*

Tocarchick labels her complaint as being "for Fraudulent Misrepresentation, Gross Negligence, and Depraved Indifference." [1 at 9]. However, the complaint's allegations make clear that Tocarchick is actually pleading a breach of the duty of fair representation by the Defendants. *See Marcus v. Dolan*, 2008 WL 3822353, at *2 (D. N.J. Aug. 12, 2008) ("a court

4

may construe state law claims that are, in substance, claims of a breach of the duty of fair representation as a claim arising under the [federal labor laws]."). For example, Tocarchick alleges that UAW "did nothing to protect Joe from being blackmailed" during the police investigation because he was not given representation as per union protocol, [1 at 9-10], and that the union stewards, "instead of following proper protocol" and "union rules" to report her husband's drinking problem, "sent him home sick." [*Id.* at 9; *see also id.* at 10 ("Both Duane and Gus were representing the union as Joe's union steward [when they sent] him home sick when it was believed he was drinking.")].

Properly characterizing Tocarchick's claims is important because, as discussed below, claims for breach of the duty of fair representation are governed by federal labor laws under Section 9(a) of the National Labor Relations Act ("NLRA"), 9 U.S.C. § 159(a), and Section 301 of the Labor Management Relations Act ("Section 301"), 29 U.S.C. § 185 *et seq.*, rather than by state law which would otherwise apply. As another district court has explained, "[s]tate law claims are preempted if they attempt to impose obligations on a union that are subsumed by [the duty of fair representation]." *Fenn v. Verizon Communications, Inc.*, 2010 WL 908918, at *6 (S.D.N.Y. Mar. 15, 2010). *See also*, *Reiss v. Bhd. of Ry. & Airline Clerks*, 629 F.Supp. 1029, 1030 (E.D. Pa. 1986) (state law claims arising from a union's conduct in its capacity as a collective bargaining representative were displaced by federal law); *Mohr v. Ass'n of Flight Attendants, Local Council 66*, 2012 WL 2361729, at *2 (D. Ariz. Jun. 20, 2012) ("The Ninth Circuit, along with other circuit courts, holds that state law breach of contract and tort claims are subsumed in the duty of fair representation if they arise out of conduct that forms the basis for a breach of fair representation claim."). In *Maynard v. Revere Copper Products, Inc.*, 773 F.2d 733, 735 (6th Cir. 1985), the Sixth Circuit made clear that "[t]he duty of fair representation

5

relates to an area of labor law which has been so fully occupied by Congress as to foreclose state regulation." Thus, the Sixth Circuit has held that state-law tort claims arising out of an alleged breach of a collective bargaining agreement are preempted by Section 301 unless they are "'independent' of the [collective bargaining agreement]." *Mattis v. Massman*, 355 F.3d 902, 905 (6th Cir. 2004) (quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 409-10 (1989)). In order for a state-law claim to be "independent" enough to avoid preemption, it must neither "require interpretation of the terms of the collective bargaining agreement" nor encompass rights "created by the collective bargaining agreement." *Mattis*, 355 F.3d at 906 (citing *DeCoe v. General Motors Corp.*, 32 F.3d 212, 216-17 (6th Cir. 1994)).

Here, because Tocarchick asserts that all of her claims arise out of the Defendants' alleged violation of their union duties owed to her late husband due to his union membership, she has actually plead a claim for breach of the duty of fair representation by Defendants. Properly construed as such, the Court now turns to Defendants' argument as to why Tocarchick's claims are ripe for dismissal under applicable federal labor laws.

> ii. *Tocarchick's Breach of the Duty of Fair Representation Claims are Barred by the Applicable Statute of Limitations*

As discussed above, Defendants correctly argue that Tocarchick's complaints about the UAW not representing her husband during the police investigation and mishandling the reporting of his drinking problem are properly characterized as invoking a claim for breach of the duty of fair representation. These claims fail because they are governed by a six month statute of limitations.

The statute of limitations for claims alleging a breach of the duty of fair representation is six months. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983); *Moore v. Int'l Bhd. of Elec. Workers Local 8*, 51 F. App'x 486, 487-88 (6th Cir. 2002); *Adkins v. Int'l Union of*

6

*Elec., Radio & Mach. Workers*, 769 F.2d 330, 335 (6th Cir. 1985). "'The statute of limitations begins to run when the claimant knows or should have known of the union's alleged breach of its duty of fair representation.'" *Moore*, 51 F. App'x at 488 (quoting *Schoonover v. Consol. Freightways Corp.*, 49 F.3d 219, 221 (6th Cir. 1995)). Here, both breaches alleged by Tocarchick – the failure to provide representation to her husband during the police investigation, and the decision to send him home sick rather than follow some unspecified internal union "protocol" – occurred in 2008. Her complaint, however, was not filed until January 22, 2015. [1 at 1].

Tocarchick does not claim that she was unaware of either of those incidents at the time that they happened. And, Tocarchick's argument that at least some of her claims are timely because the grievance filed by UAW was "still in place as of September 2010" is immaterial because, as just discussed, the statute of limitations that applies to her instant claims is six months, not six years, as she seems to presume. [7 at 18-19].[3]

In sum, Tocarchick's claims against the UAW for breach of its duty of fair representation are barred by the applicable six-month statute of limitations and should be dismissed.[4]

---

[3] Tocarchick is correct that under Michigan law, the general limitations period for tort claims is six years. *See* MCL § 600.5813. Again, however, since her claims actually allege a breach of the duty of fair representation, the six-year statute of limitations is inapplicable. Her argument that "there is no statute of limitation for murder" [7 at 19] is inapposite for numerous reasons, including that she has not alleged any facts describing the manner in which her husband passed away, let alone which would constitute a "murder," and that she has no standing to bring a criminal action. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizen lacks standing to initiate criminal proceedings); *Laues v. Roberts*, 2015 WL 1412631, at *3 (E.D. Mich. Mar. 25, 2015).

[4] The UAW also argues that Tocarchick fails to state a viable claim for breach of the duty of fair representation. [4 at 22-24]. A union only breaches that duty when its "conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith." *Marquez v. Screen Actors Guild Inc.,* 525 U.S. 33, 34 (1988) (citing *Vaca v. Sipes*, 386 U.S. 171, 190 (1967)). Furthermore, the UAW argues that Tocarchick lacks standing to bring this claim because she is not a bargaining unit employee. [4 at 20-21]. Although Tocarchick does not seem to allege any

7

### iii. Tocarchick Fails to State a Valid "Civil Rights" Claim

In her Complaint, Tocarchick alleges that her husband was "detained for 45 minutes" during the police investigation, which she claims "violat[ed] his civil rights." [1 at 9]. She also alleges in her response that the UAW violated her husband's "civil rights" because "these people are covering something up," [7 at 34] and "it took 22 months to return my husband's belongings." [*Id.* at 30]. These allegations fail to state a claim for relief against the UAW or the individual defendants.

First, while it appears Tocarchick is claiming that it was the police who unlawfully detained her husband, her instant complaint is brought only against the UAW and the individual defendants identified above. Second, her conclusory assertion of a "civil rights" claim fails to provide the "facial plausibility" necessary to survive a motion to dismiss. *Iqbal,* 556 U.S. at 678. For example, whereas civil rights claims may only be asserted against "state actors," Tocarchick does not allege that any of the Defendants in this case are state actors. *See Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (noting that a plaintiff bringing a civil rights action "must satisfy two elements: (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. A plaintiff may not proceed under § 1983 against a private party no matter how discriminatory or wrongful the party's conduct."); *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 620 (1991) (noting that generally, "the conduct of private parties lies beyond the Constitution's scope ....").

Second, Tocarchick's allegation about the Defendants "covering *something* up" amounts to nothing more than the type of pure "speculation or suspicion" that is insufficient to state a

---

facts that would indicate the UAW acted in a way that was "arbitrary, discriminatory, or in bad faith," since this Court is recommending dismissal due to the expiration of the applicable statute of limitations, it declines to address either of these issues.

claim for relief. *Bredesen,* 500 F.3d at 527. Thus, as to any "civil rights" claim, Tocarchick fails to state a claim upon which relief can be granted, and any such claim should be dismissed. Fed. R. Civ. P. 12(b)(6).

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the UAW's motion to dismiss Tocarchick's complaint **[4]** be **GRANTED**, and that her **BREACH OF THE DUTY OF FAIR REPRESENATION CLAIMS** and her **"CIVIL RIGHTS" CLAIM** against the UAW and other Defendants be **DISMISSED WITH PREJUDICE**.

Dated: July 30, 2015  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
  United States Magistrate Judge


### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th

Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 30, 2015.

                                                s/Eddrey O. Butts
                                                EDDREY O. BUTTS
                                                Case Manager